THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:12-cr-00025-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) DEBORAH LEE TIPTON, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reconsideration 18 USC 3742(e) Post Sentence Rehabilitation Programming" [Doc. 128].

**I.    BACKGROUND**

In September 2012, the Defendant Deborah Lee Tipton pled guilty pursuant to a written plea agreement to one count of transporting a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(1), 2252(b), and 2; and one count of possessing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b). [Docs. 48, 49]. In September 2013, the Court sentenced the Defendant to a total term of 216 months' imprisonment.

[Doc. 85]. The Defendant is currently incarcerated at FCI Danbury, and her projected release date is August 1, 2027.[1]

By the present motion, the Defendant moves for a reduction of her sentence pursuant to 18 U.S.C. § 3742(e) based on her "clear conduct" while in the Bureau of Prisons and her post-sentencing rehabilitation.

## II. DISCUSSION

The statutory provision cited by the Defendant, 18 U.S.C. § 3742(e), does not afford her relief here. Section 3742(e) sets forth standards for appellate review and does not provide a basis for this Court to grant a sentence reduction. Accordingly, to the extent that the Defendant seeks relief pursuant to § 3742(e), her motion is denied.

It appears that the Defendant may be seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). That provision permits a defendant to seek a modification of her sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

---

[1] See https://www.bop.gov/inmateloc/ (last visited Jan. 30, 2024).

2

Case 1:12-cr-00025-MR-WCM   Document 130   Filed 02/06/24   Page 2 of 5

3582(c)(1)(A). The Defendant does not indicate in her motion whether she has exhausted her administrative rights with the BOP. Nevertheless, the Court will proceed to address the merits of her compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence, including: (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that

substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)-(6).

Here, the Defendant does not cite any of these criteria as a basis for compassionate release. Rather, she seeks a reduction in sentence based solely on her efforts at rehabilitation while incarcerated. While the Defendant's efforts to rehabilitate herself and to prepare for release are

4

commendable, her rehabilitation alone cannot serve as an extraordinary and compelling for a sentence reduction.  See U.S.S.C. § 1B1.13(d).

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).  Accordingly, to the extent that the Defendant's motion can be construed as a motion for compassionate release, it is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reconsideration 18 USC 3742(e) Post Sentence Rehabilitation Programming" [Doc. 128] is **DENIED.**

**IT IS SO ORDERED.**

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge

5

Case 1:12-cr-00025-MR-WCM   Document 130   Filed 02/06/24   Page 5 of 5